UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RONALD JOHNSON,

          Plaintiff,

                                                      MEMORANDUM AND ORDER
          - against -                                    14-CV-6839 (RRM) (MDG)

LANDMARK HOSPITALITY LLC,
CELEBRATE AT SNUG HARBOR,
PATRICIA BANKS,

          Defendants.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Ronald Johnson commenced this action against defendants Landmark Hospitality LLC ("Landmark"), Celebrate at Snug Harbor LLC ("Celebrate"), and Patricia Banks ("Banks") (collectively, "defendants") on November 11, 2014, alleging race discrimination in employment, a hostile work environment, retaliation, and unlawful termination. (Compl. (Doc. No. 1).) On July 24, 2015, Johnson filed a motion to amend the complaint to include the individual owners of Landmark and Celebrate, Jeanne and Frank Cretella, as defendants. (Mot. Amend (Doc. No. 24).) Defendants oppose the motion. (Defs.' Decl. Opp'n (Doc. No. 27); Defs.' Mem. Opp'n (Doc. No. 28).) For the reasons set forth below, the motion to amend (Doc. No. 24) is GRANTED.

## BACKGROUND

      Johnson, an African-American man, was employed by Landmark and Celebrate as a dishwasher from June 12, 2014 through October 11, 2014. (Compl. at ¶¶ 5, 12, 15, 26.) Banks was Johnson's supervisor. Johnson alleges that Banks began making "offensive racist comments to Plaintiff on a repeated basis" in July 2014. (*Id.* at ¶ 16.) Johnson alleges that Banks used the term "nigger" repeatedly and continued to make derogatory comments even after he complained to Celebrate and Landmark's chef and requested that Banks stop. (*Id.* at ¶¶ 18−20, 22.) Johnson

claims that on October 11, 2014, the day that he was terminated, Banks said, "I don't need you here no more," "I don't believe this nigger is acting like this," and "Get out of here, I don't want your nigger ass around here anymore." (*Id.* at ¶ 25.) Johnson alleges that defendants terminated his employment based on his race and his opposition to defendants' unlawful employment practices. (*Id.* at ¶¶ 27−28.) Defendants deny Johnson's allegations regarding their discriminatory conduct. (Answer (Doc. No. 4) at ¶ 2.)

Johnson seeks to amend his complaint to add the individual owners of Landmark and Celebrate, Jeanne and Frank Cretella (the "Cretellas"), as defendants. (Mot. Amend.) For the reasons below, the motion is granted.[1]

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15, leave to amend should be freely granted when "justice so requires." Fed. R. Civ. P. 15(a)(2). Amendments are generally favored because "they tend 'to facilitate a proper decision on the merits.'" *Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998) (quoting *Junior Gallery, Ltd. v. Neptune Orient Line, Ltd.*, No. 94-CV-4518, 1997 WL 26293, at *2 (S.D.N.Y. Jan. 22, 1997)). However, leave may be properly denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

---

[1] On October 8, 2015, Landmark and Banks initiated an action in the New York Supreme Court, County of Richmond (the "New York State action") against Johnson alleging assault, infliction of emotional distress, negligence, slander *per se*, and slander. (Notice Removal (Doc. No. 36).) Johnson removed the New York State action to this Court, and the parties subsequently stipulated for the New York State action to be remanded to the New York State Supreme Court, County of Richmond and this Court granted the motion to remand. *Landmark Hospitality LLC, et al. v. Johnson*, No. 14-cv-6907 (E.D.N.Y Dec. 13, 2015) (Order Granting Motion to Remand). Johnson has requested a pre-motion conference on a request to amend the instant complaint yet again, this time, to add state law claims for "retaliation and interference with protected rights" based on Landmark and Bank's filing of the New York State action. (Mot. Pre-Mot. Conference (Doc. No. 34).) By separate order issued this day, the court directed Johnson to file a proposed Third Amended Complaint setting forth the claims he wishes to add, and further ordered both parties to submit supplemental pre-motion conference letters addressing whether the proposed amendment lies.

2

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

The decision to grant or deny a motion to amend rests within the sound discretion of the district court. *DeFazio v. Wallis*, No. 05-CV-5712, 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006); *see also AEP Energy Servs. Gas Holding Co. v. Bank of Am.*, 626 F.3d 699, 725 (2d Cir. 2010) ("We ordinarily review a district court's denial of a motion to amend the pleadings for abuse of discretion.").

**DISCUSSION**

Defendants make three main arguments against allowing Johnson to amend the complaint to add the Cretellas as defendants. First, defendants argue that Johnson's proposed claims are futile and, thus, should not be granted. (Defs.' Mem. Opp'n at 7 (ECF pagination).) Second, they argue that they will be prejudiced by allowing the amendment because it will affect discovery and delay the case. (*Id.*) Third, they argue that Johnson's motion to amend is made in "bad faith" because it is based on facts that he knew when he filed the original complaint. (*Id.*) None of these arguments are sufficient to overcome the liberal standard applied to motions to amend.

Johnson has plead adequate facts to support claims under both the New York State Human Rights Law ("NYSHRL") § 296(1) and the New York City Human Rights Law ("NYCHRL") § 8-107 such that his amendments are not futile.

"[A] plaintiff may proceed against an individual defendant under the direct liability provision of NYSHRL, § 296(1)(a), if the defendant either, first, has an ownership interest in the employer or, second, has the power to hire and fire the plaintiff. As a third option, a defendant who

3

actually participates in the conduct giving rise to a discrimination claim may be found liable under NYSHRL's aiding and abetting section, § 296(6)." *Messer v. Fahnestock & Co.*, No. 03–CV–4989, 2008 WL 4934608, at *9 (E.D.N.Y. Nov. 18, 2008); *see also Scalera v. Electrograph Sys., Inc.*, 848 F. Supp. 2d 352, 371 (E.D.N.Y. 2012). Defendants cite authorities for the proposition that the Cretellas are not liable under Section 296(1) because they did not "encourage, condone, or approve the alleged acts by Ms. Banks." *See, e.g.*, *Rosas v. Balter Sales Co.*, 12-CV-6557 (S.D.N.Y. March 30, 2015) (Mem. & Order at 28) (document available as Exhibit E to Doc. No. 27); *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 311−12 (2004). While there are conflicting views on whether Section 296(1) is a "direct liability" provision, the Court finds that there is sufficient law supporting Johnson's position such that amending the complaint to add the Cretellas would not be futile. *Children First Found., Inc. v. Martinez*, No. 1:04-CV-0927, 2007 WL 4618524, at *5 (N.D.N.Y. Dec. 27, 2007) ("[I]f the movant has colorable grounds to support its claim or defense, justice requires that leave to amend be granted.").

As to Johnson's NYCHRL claims, the "NYCHRL imposes liability on the employer in three instances: (1) where the offending employee 'exercised managerial or supervisory responsibility' . . . ; (2) where the employer knew of the offending employee's unlawful discriminatory conduct and acquiesced in it or failed to take 'immediate and appropriate corrective action'; and (3) where the employer 'should have known' of the offending employee's unlawful discriminatory conduct yet 'failed to exercise reasonable diligence to prevent [it].'" *Zakrzewska v. New Sch.*, 14 N.Y.3d 469, 479−80 (2010) (quoting Admin. Code City N.Y. § 8-107). Defendants oppose Johnson's proposed Section 8-107 claim against the Cretellas because 1) the Cretallas are not "the offending employee"; 2) the Cretellas did not know of or acquiesce to the offensive conduct; and 3) plaintiff did not allege that the Cretellas should have known of the conduct. (Defs.' Mem. Opp'n at 12−13 (ECF pagination).) Defendants' first argument fails because the Cretellas were the employers and the

offending employee "exercised managerial or supervisory responsibility." *Id.* Defendants' second and third arguments fail because plaintiff alleges in his proposed amended complaint that "Defendant JEANNE and Defendant FRANK, as owners of Defendant LANDMARK and Defendant CELEBRATE knew, or reasonably should have known, about Defendant BANKS' ongoing harassment of Plaintiff." (Pl. Am. Compl. (Doc. No. 14) ¶ 27.) Thus, Johnson's claim under the NYCHRL is not futile.

The Court also rejects defendants' argument that they will be prejudiced by the amendment. Amending the complaint to include the Cretellas will not overly prejudice defendants because the Cretellas are already involved in the case and discovery, and any additional discovery would be *de minimus*. (*See, e.g.*, Pl.'s Am. Compl. Ex. A (Doc. No. 14-1) at 2 (In response to an interrogatory, defendants answered, "Jeanne Cretella undertook the investigation of Plaintiff's allegations of harassment and/or discrimination."); Defs.' Initial Disclosures (Doc. No. 26) at 17−18 (ECF pagination) (listing the Cretellas as the first two individuals with "known discoverable information").) And if warranted, defendants may request that the current discovery deadlines be extended. This case was filed a little more than one year ago, and centers on alleged facts beginning in June 2014. It is difficult to see how the Cretellas could be prejudiced by their addition to the case at this stage.

Finally, defendants assert that the amendment was brought in "bad faith" because Johnson knew of the facts supporting the amendment at the time the case was filed. However, the cases on which defendants rely in support of their argument are wholly inapposite. For example, in *Dasrath v. Stony Brook University Medical Center*, the court denied the plaintiff's motion to amend on "bad faith grounds" where the plaintiff's motion papers included numerous misrepresentations. No. 12-CV-1484, 2014 WL 1760907, at *4−5 (E.D.N.Y. Apr. 29, 2014). In another case that defendants cite, *Kant v. Columbia University*, the court denied a motion to amend where the "[p]laintiff's

proposed third amended complaint present[ed] new facts and allegations so contradictory to his earlier pleadings as to indicate bad faith." No. 08-CV-7476, 2010 WL 807442, at *4 (S.D.N.Y. Mar. 9, 2010). Here, defendants do not argue that Johnson's motion papers include numerous misrepresentations or contradictory allegations. Nor do defendants point to any other facts to support an allegation of bad faith. Thus, defendants' arguments in this regard do not defeat the motion to amend.

## CONCLUSION

For the reasons stated above, Johnson's motion to amend (Doc. No. 24) is GRANTED. The Clerk of Court is directed to amend the caption of this action to add as defendants Jeanne Cretella and Frank Cretella.

SO ORDERED.

Dated: Brooklyn, New York
      March 1, 2016

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge